**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ALONSO TREJO-PENA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1076

Agency No.
A201-272-291

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 28, 2024**

Before: OWENS and BADE, Circuit Judges, and BAKER, Judge.***

Jose Alonso Trejo-Pena (Trejo), a citizen of Mexico, petitions for review of

the Board of Immigration Appeals' (BIA) order dismissing his appeal from an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Miller Baker, Judge for the United States Court of
International Trade, sitting by designation.

Immigration Judge's (IJ) order denying his application for cancellation of removal. We conclude that there is no reviewable "constitutional claim[] or question[] of law," 8 U.S.C. § 1252(a)(2)(D), and we dismiss the petition for lack of jurisdiction.

1. We lack jurisdiction to review the BIA's determination that Trejo's removal would not result in exceptional and extremely unusual hardship. Our jurisdiction to review "[q]uestions of law include[s] pure questions of law as well as 'mixed questions of law and fact.'" *Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) (quoting *Husyev v. Mukasey*, 528 F.3d 1172, 1178–79 (9th Cir. 2008)). The application of the exceptional and extremely unusual hardship standard to a set of undisputed facts is a reviewable mixed question of law and fact. *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). But we lack jurisdiction to review an application of that standard when the facts are disputed. *See Gasparyan*, 707 F.3d at 1134.

Although Trejo asserts that the facts are undisputed, he challenges multiple of the IJ's factual findings. For instance, Trejo argues that the IJ erred because he "failed to properly consider [an] evaluation from" a mental health clinician. The IJ found that the evaluation deserved "very little weight" because the clinician "was not present for cross-examination." A factfinder's decision to not credit a portion of the record is a factual finding. *See Garland v. Ming Dai*, 593 U.S. 357, 366 (2021) ("[A] reviewing court must be mindful too that the agency, like any

reasonable factfinder, is free to credit part of [a] witness' testimony without necessarily accepting it all." (internal quotation marks and citation omitted)). Trejo's other arguments similarly challenge the IJ's decision not to credit certain portions of Trejo's testimony and the record. Thus, because Trejo disputes the IJ's factual findings, we lack jurisdiction to review the BIA's determination that Trejo's removal would not result in exceptional and extremely unusual hardship. *See Gasparyan*, 707 F.3d at 1134.

2. We also lack jurisdiction over Trejo's due process claim. "Although we retain jurisdiction to review due process challenges, a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001). Despite Trejo labeling this claim as a due process challenge, in substance, he is arguing that the IJ abused his discretion by not crediting parts of Trejo's testimony and the record. As explained, we lack jurisdiction to consider such challenges to the IJ's factual findings. *See Gasparyan*, 707 F.3d at 1134.

**PETITION DISMISSED.**

22-1076